UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ATCHAFALAYA BASINKEEPER ET AL. | CIVIL ACTION |
| VERSUS | NO: 14-649 |
| BOSTICK ET AL. | SECTION: "J"(5) |

### ORDER & REASONS

Before the Court is a *Motion for Reconsideration* **(Rec. Doc. 58)** filed by Plaintiffs, Atchafalaya Basinkeeper and Louisiana Crawfish Producers Association-West, and an opposition thereto (Rec. Doc. 61) filed by Defendants, the United States Army Corps of Engineers and Lieutenant General Thomas Bostick (collectively, "the Corps"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

This dispute arises from the Corps' August 2012 decision to authorize under a general permit a request to build a ring levee and access road in the Atchafalaya Basin in Iberville Parish, Louisiana. The Atchafalaya Basin contains multiple navigable bayous and adjacent wetlands that support the local Cajun culture. (*See* Rec. Doc. 39-1, at 22; Rec. Doc. 39-12, at 1; Rec. Doc. 43-1, at 2-3.) The Louisiana Black Bear's critical habitat

extends into the Atchafalaya Basin in the northern portion of Iberville Parish. (Rec. Doc. 43-2, at 15.) Additionally, certain sections of the Atchafalaya Basin are incorporated into the Sherburne Wildlife Management Area. (*See* Rec. Doc. 39-12, at 1-2; Rec. Doc. 43-2, at 13-14.)

In April 2009, Expert Oil & Gas (Expert Oil) sought authorization under General Permit 13 of the New Orleans District of the Corps (NOD-13) to build a ring levee and access road for its well in the Atchafalaya Basin. (Rec. Doc. 43-1, at 1.) The Corps withdrew Expert Oil's application, however, because Expert Oil failed to meet the mitigation requirement that arose as a result of its plan to fill wetlands with the proposed project. *Id.* at 3. On August 20, 2012, Expert Oil reapplied for Corps authorization under NOD-13 to build the road and ring levee (hereinafter, the "2012 Project"). *Id.* On August 24, 2012, the Corps sent Expert Oil a letter in which it authorized the 2012 Project under NOD-13. *Id.* The letter listed five specific conditions and, in conclusion, generally referenced the conditions of approval contained in NOD-13.

On March 20, 2014, Plaintiffs exercised their right under Section 702 of the Administrative Procedure Act (APA) and filed suit against the Corps, alleging that the Corps' authorization of the 2012 Project under NOD-13 violated the terms of NOD-13; the Clean Water Act (CWA), 33 U.S.C. § 1251, *et seq.*; and the

2

National Environmental Policy Act (NEPA), 42 U.S.C. § 4321, *et seq.* (Rec. Doc. 1.) The parties agreed to resolve the action on cross motions for summary judgment.

On June 19, 2015, this Court granted summary judgment in favor of Defendants based on its review of the administrative record. (Rec. Doc. 50.) The Court held that the Corps' decision to authorize the 2012 Project under NOD-13 did not violate the CWA or the NEPA by exceeding the scope of NOD-13. *Id.* at 27. Consequently, the Court concluded that the Corps was not arbitrary and capricious in authorizing the 2012 Project under NOD-13. *Id.* Therefore, the Corps' decision was upheld. *Id.* On July 1, 2015, the Court entered judgment in favor of Defendants and dismissed Plaintiffs' suit with prejudice. (Rec. Doc. 51.)

Plaintiffs filed the instant *Motion for Reconsideration* **(Rec. Doc. 58)** on August 7, 2015.[1] Defendants opposed the motion on September 15, 2015. (Rec. Doc. 61.)

## **PARTIES' ARGUMENTS**

Plaintiffs filed their motion for reconsideration "on the grounds of demonstrable misrepresentation or misconduct by the opposing party that likely affected the outcome of this case." (Rec. Doc. 58, at 4.) First, Plaintiffs argue that the Corps

---

[1] Plaintiffs initially filed their Motion for Reconsideration on July 29, 2015. (Rec. Doc. 55.) In an attempt to correct a deficiency in their initial motion, Plaintiffs refiled their motion on July 30, 2015. (Rec. Doc. 56.) However, this motion was also deemed deficient. Following the correction of certain procedural errors, Plaintiffs refiled their motion on August 7, 2015. (Rec. Doc. 58.)

3

misled the Court into thinking that permatized limestone roads can be removed. *Id.* at 2. Second, Plaintiffs argue that the Corps misinformed the Court about the history of an elevated road that was connected to the 2012 Project. *Id.* at 2-3. Third, Plaintiffs argue that the Corps misinformed the Court about the tracts of land closest to the drilling site, which Plaintiffs argue are part of the Wildlife Management Area overseen and managed by the Louisiana Department of Wildlife and Fisheries. *Id.* at 3. Lastly, Plaintiffs argue that the Corps misrepresented the impact of the 2012 Project on the Louisiana Black Bear's critical habitat. *Id.*

In opposition, Defendants contend that Plaintiffs' motion should be rejected for several reasons. First, Defendants argue that Plaintiffs' motion merely rehashes the same arguments that they raised in their motion for summary judgment. (Rec. Doc. 61, at 6.) Second, Defendants argue that Plaintiffs have provided no evidence that the Corps misled the Court by misrepresenting or withholding any evidence. *Id.* Third, Defendants argue that the exhibits Plaintiffs submitted in support of their motion for reconsideration provide information that is the same as or very similar to the information in the exhibits Plaintiffs submitted in support of their motion for summary judgment. *Id.* In sum, Defendants argue that Plaintiffs' arguments and new exhibits do not justify reconsideration of this Court's previous ruling.

**LEGAL STANDARD AND DISCUSSION**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b) of the Federal Rules of Civil Procedure. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). The difference in treatment is based on timing. If the motion is filed within twenty-eight days of the entry of judgment, then it falls under Rule 59(e). *Id.; accord* Fed. R. Civ. P. 59(e). However, if the motion is filed more than twenty-eight days after the entry of judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b). *Lavespere*, 910 F.2d at 173; *accord* Fed. R. Civ. P. 60(c). In the present case, Plaintiffs initially filed their Motion for Reconsideration (Rec. Doc. 55) on July 29, 2015, which is within twenty-eight days from the entry of judgment on July 1, 2015. Although their initial motion was deficient, Plaintiffs corrected the deficiency and refiled their motion on August 7, 2015. As a result, the Court treats Defendants' Motion for

5

Reconsideration (Rec. Doc. 58) as a motion to alter or amend under Rule 59(e).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.; see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is typically defined as "[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence." *In re Energy Partners, Ltd.*, No. 09-32957, 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009); *see also Pechon v. La. Dep't of Health & Hosp.*, No. 08-664, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) ("'[M]anifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'").

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478-79. Nor should it be used to

6

"re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error in law or fact. *Schiller*, 342 F.3d at 567; *see also Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) ("A motion to alter or amend judgment 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'").

In this case, Plaintiffs do not rely on an intervening change in controlling law since the Court's Order and Reasons dated June 19, 2015. Moreover, Plaintiffs have not pointed to any newly discovered evidence previously unavailable, nor have they established a manifest error of law or fact. Furthermore, Plaintiffs have provided no evidence that the Corps misled the Court by misrepresenting or withholding any evidence. The exhibits attached to Plaintiffs' motion for reconsideration provide information that is similar to the information in the exhibits the Court considered in its previous ruling. Accordingly, the Court finds that Plaintiffs' reasons for seeking reconsideration are based on evidence and arguments

previously heard and considered by the Court, and the Court's previous ruling was not based on an erroneous view of the law or an erroneous assessment of the evidence. Therefore, Plaintiffs' arguments and new exhibits provide no basis for reconsideration.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Reconsideration* **(Rec. Doc. 58)** is **DENIED.**

New Orleans, Louisiana this 23rd day of September, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE